# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Ronald Pritchard Dean, Jr., | ) |
|                 Plaintiff, | ) No. 15 C 3193 |
| v. | ) Judge Virginia M. Kendall |
| Ashford, et al. | ) |
|                 Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed his lawsuit on April 10, 2015 against several municipalities alleging constitutional violations under 42 U.S.C. §§ 1983, 1985, and 1986. (Dkt. 97 at 3.)[1] The case was assigned to a different district court judge and for the last two years, Plaintiff had six opportunities to amend his complaint. Although the previous judge granted various motions to dismiss throughout the course of the proceedings, he never granted one with prejudice. As such, for two years the case has been pending and now six Complaints have been filed and there have been three rounds of briefing on motions to dismiss. This Court received the case approximately two months ago and has considered each of the previously filed pro se Complaints, even when Plaintiff failed to request leave to amend. Although each Complaint pertained to a different set of defendants and each alleged a different set of facts, the common thread among his Complaints is the allegation that the various Defendant entities maintain incorrect information in their records of Plaintiff's criminal history. In the operative Sixth Amended Complaint, Plaintiff brings his claims against Defendants City of Des Plaines, City of Chicago, City of Schaumburg,

---

[1] His first *pro se* Complaint was received by the Court on April 10, 2015 (Dkt. 1), but with no copies. His complaint was actually filed on June 17, 2015.

1

Illinois State Police Bureau of Identification, F.O.I.A. of Des Plaines. (Dkt. 97 at 1-2.) He merely alleges that Des Plaines and a non-existent legal entity, "Des Plaines FOIA," refuse to make the appropriate corrections to his criminal record. Defendant Des Plaines moves to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(6) and because Des Plaines FOIA is a non-existent legal entity. (Dkt. 100.) The remaining Defendants move to dismiss for failure to state a claim under Rule 12(b)(6). (Dkt. 102, 106.) Defendants' motions are granted.

## BACKGROUND

The Court accepts as true all well-pleaded allegations in the Complaint and draws all reasonable inferences in the non-movant's favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Killingsworth v. HSBC Bank,* 507 F.3d 614, 618 (7th Cir. 2007); *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). Additionally, Plaintiff's *pro se* pleadings are liberally construed. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015); Edwards v. Cross, 801 F.3d 869, 873 (7th Cir. 2015). While only the Sixth Amended Complaint is operative[2], the Court will briefly summarize the past two years of litigation and the evolution of Plaintiff's filings.

Plaintiff filed his first *pro se* form Complaint against Chicago, Schaumburg, Des Plaines, and the Illinois State Police Department. In his Complaint, he alleges various arrests and claims for false imprisonment and malicious prosecution, but all of the events relating to those claims predate 1999. (Dkt. 19 at 4, 9-10.) The Complaint also lacks facts regarding the context of these arrests.

On January 6, 2016, Plaintiff filed his First Amended Complaint. Plaintiff brought his claim only against the Schaumburg Police Department and alleged only that the "Schaumburg case has caused numerous false arrest and unnecessary prison time by Chicago Police." (Dkt. 48

---

[2] When a Plaintiff files a new complaint, that complaint supersedes all previous complaints and controls the case. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999).

at 5.) He provided no further information regarding when any alleged false arrests or prison time occurred. Schaumburg Police Department moved to dismiss the Complaint. But without responding to the motion and without seeking leave of the Court, on February 16, 2016, Plaintiff filed his Second Amended Complaint. This time Plaintiff brought claims against Chicago, Schaumburg, Des Plaines, and the "Illinois State Bureau of Identification," and alleged that "From March 4, 1998 until May 1999 Chicago police has [sic] locked me up a total of 4 times for a crime I didn't commit [and was found innocent of]. I was still being harassed for this same charge later in the 2000's until 2004[.]" (Dkt. 64.)

Ten days after filing his Second Amended Complaint, Plaintiff made a motion to amend his complaint and his motion was granted on March 2, 2016. (Dkt. 69.) In his Third Amended Complaint, brought against the Circuit Court of Cook County, Schaumburg, Chicago, and DuPage County, he alleged that after filing a petition in 2015 of stolen identity theft in Chicago and Schaumburg, those Defendants still had "the wrong offender on record." (Dkt. 70.) He does not allege how he has this information or what, if any, specific impact the inaccuracy in the record had on him. (*Id*.) On May 3, 2016, Plaintiff filed his Fourth Amended Complaint, again without leave, and sued Defendant Des Plaines for violations of Illinois F.O.I.A. Finally, on May 25, 2016, Plaintiff filed a Fifth Amended Complaint, without leave, in which he sought an injunction against "F.O.I.A. Center Des Plaines, IL" and "City of Des Plaines" for allegedly not complying with the Illinois FOIA. (Dkt. 81.) The Court ruled it lacked subject matter jurisdiction over Plaintiff's Complaint because Plaintiff only alleged a violation of Illinois state law and dismissed the Complaint without prejudice. (Dkt. 95.)

In the operative Sixth Amended Complaint, Plaintiff sues Des Plaines, Chicago, Schaumburg, Illinois State Bureau of Identification, and F.O.I.A. of Des Plaines. Here, Plaintiff

3

seeks only "to resolve a case in the city of Des Plaines," and does not make any allegations of a need to resolve a case against any of the other remaining Defendants. (Dkt. 97 at 3.) In the form Complaint, he fills in "basis of claim," as "defamation of character." (*Id.*) He alleges that a "name mix up due to ID theft[,]" occurred in Des Plaines and he filed a petition to correct the conflicting information in Des Plaines's records. (Dkt. 97 at 4.) He further states that Chicago and Schaumburg "had no problem with complying" with his request to correct their records. (Dkt. 97 at 4.)

Defendants filed motions to dismiss the Sixth Amended Complaint. On February 2, 2017, Plaintiff filed a Response to the Defendants' Motions to Dismiss, arguing that they had continually stalled and delayed his claim. Plaintiff asked that the Court rule on his case pursuant to his purported right to a speedy trial. (Dkt. 112.) On February 6, 2017, the Court denied the motion because the right to a speedy trial under the Sixth Amendment is not applicable to this civil case. (Dkt. 113.)

## **DISCUSSION**

Defendants move to dismiss under Rule 12(b)(6). Des Plaines also moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3). Under Federal Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Defendant likely meant to bring their motion under Rule 12(b)(1). Liberally construing the Complaint, the Court finds it has subject matter jurisdiction because it is possible to state a claim for relief under Section 1983 when a defamation claim infringes on a liberty interest. *See, e.g., Bone v. City of Lafayette*, 763 F.2d 295, 298 (7th Cir. 1985). Ultimately, Plaintiff does not state such a claim here. Nevertheless, because Defendant moves to dismiss and prevails on Rule 12(b)(6), resulting in dismissal with

4

prejudice, the Court need not address the "Rule 12(h)(3)" motion in any further detail. Defendant Des Plaines also moves to dismiss the Complaint with respect to Defendant "F.O.I.A. of Des Plaines" because this is a non-existent legal entity incapable of being sued. *See Bowers by Bowers v. Du Page Cnty. Regional Bd. of Trustees*, 183 Ill. App. 3d 367, 373 (1989) ("Where a suit is brought against an entity which has no legal existence, the proceedings are void *ab initio*"). The motion to dismiss with respect to this non-existent entity is also granted on this basis. To survive a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In the complaint, a plaintiff must include "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quoting *Lang v. TCF Nat'l Bank*, 249 F.App'x. 464, 466 (7th Cir. 2007)). The Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (quotation omitted).

To succeed on his Section 1983 claim, Plaintiff must prove (1) the deprivation of a right secured by the Constitution or federal law and (2) that defendants were acting under color of state law. *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 468 (7th Cir. 2016).

Plaintiff does not allege that he has been deprived of a right secured by the Constitution or federal law. Plaintiff concedes that he only seeks relief from Des Plaines in his Complaint, and that Des Plaines should be compliant with his petitions to correct his criminal records, as Chicago and Schaumburg have been. Clearly, Plaintiff fails to state a claim against Chicago or

Schaumburg as he holds them up as the example of how Des Plaines should proceed. He alleges no wrong at all, let alone a constitutional wrong, committed by either of these Defendants.

With respect to Des Plaines, Plaintiff does not assert a constitutional right or liberty interest that has been violated by the alleged inaccuracies in his records. Plaintiff alleges that the basis of his Section 1983 claim is "defamation of character." (Dkt. 97 at 3.) But to state a claim for defamation under Section 1983, Plaintiff must not only allege that he was defamed and injured by the defamation, but also that he was deprived of his property or liberty interests. "The combination arises most frequently when an employee is discharged by a government employer; should the government agency at the same time publicly defame the employee, he may be deprived of a liberty interest: the interest in the possibility of future employment in his profession." *Bone v. City of Lafayette*, 763 F.2d 295, 298 (7th Cir.1985). Here, there are no similar facts indicating that Des Plaines defamed Plaintiff resulting in a deprivation of a protected liberty interest.

The Court held a status at which the Plaintiff was present and the Court asked Plaintiff to state in his own words what happened to cause him the injury. Plaintiff was unable to articulate any specific arrest or even any injury that resulted from the police allegedly having incorrect information regarding his prior arrests. In fact, Plaintiff could not set forth what the incorrect information was specifically except to allege that he was acquitted of a particular case and that it still remains on his record as a charge. This could actually be true because the acquittal would not remove the charge from his arrest history but would merely show that he was not convicted. Again, even when given over ten minutes to describe any injury that resulted from the charge remaining on his record, he could not articulate a specific arrest, a location for an arrest, a date for an arrest, or even an arrest based on a mistake in his records. He could only describe one

stop in 2013 and explained that the Chicago police stopped him, ran his name, and he was then free to go. He could not describe any other stop or arrest at any other time in the two years prior to filing his Complaint. Most troubling is that even when given the opportunity to tell the court orally after having told the previous judge in writing six times, the only dates of arrests that Plaintiff alleged were dates in 1998 and 1999 which clearly are past the statute of limitations.

Plaintiff also asserts that Defendant Des Plaines violated the Illinois Freedom of Information Act. But as the Court stated in a previous order, Dkt. 95, on its own, that claim fails for lack of subject matter jurisdiction. *See Chicago Tribune Co. v. Bd. of Trustees of Univ. of Illinois*, 680 F.3d 1001, 1006 (7th Cir. 2012) (dismissing Illinois FOIA claim for lack of subject-matter jurisdiction). Finally, even in his previous Complaints, Plaintiff never alleges any deprivations of his rights under the Constitution or federal law. For example, although he vaguely and briefly discusses prior arrests, he does not state a claim for false arrest, false imprisonment, or malicious prosecution because all of the events he bases his claims on predate 1999.[3] (Dkt. 19.) He never identifies any specific arrests made by any of the specific Defendants resulting from the alleged inaccuracies in his records. Indeed, in his First Complaint Plaintiff concedes that while Defendants Des Plaines and Schaumberg never "physically arrested" him, "their records have caused [him] great discomfort." (Dkt. 19 at 10.). This discomfort, however, does not rise to a constitutional violation. *See, e.g., Campbell v. Miller*, 787 F.2d 217, 229 (7th Cir. 1986), *cert. denied*, 479 U.S. 1019 (1986) ("Standing alone . . . inconvenience do[es] not rise to the level of a constitutional deficiency."); *see also Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) ("[I]n the field of constitutional torts [the law does not

---

[3] A federal court adopts the forum state's statute of limitations for a § 1983 claim. *Wilson v. Garcia,* 471 U.S. 261, 276 (1985). In Illinois, the statute of limitations for § 1983 civil rights violations is two years. *Booker v. Ward*, 94 F.3d 1052, 1056-57 (7th Cir.1996). Plaintiff filed his first Complaint in 2015 making any of the events occurring in the 1990's clearly out of the range of the applicable limitations period.

concern itself with trifles]. Section 1983 is a tort statute. A tort to be actionable requires injury."). No conceivable combination of these past two years of allegations states a plausible claim.

It may be that Plaintiff has encountered red tape and that may have caused him some difficulty. While he is not without the Court's sympathies, it is clear based on his six attempts that there has been no violation of his constitutional rights. Therefore, the Complaint is dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motions to Dismiss [100, 102, and 106] are granted and Plaintiff's Sixth Amended Complaint is dismissed with prejudice.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 5/19/2017